IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–02442–EWN–BNB


FREDERICK P. HARRISON (Pro Se),
C.L.H. and J.Y.H. (Children), appearing by and through
   their father Frederick P. Harrison,
CHRISTINA A. HARRISON (Pro Se), and
I.A.H. (A Child), appearing by and through
   his mother Christina A. Harrison,

      Plaintiffs,

v.

JUDGE DAVID A. GILBERT, Fourth Judicial District Court,
   El Paso County, Colorado,
THE PEOPLE OF THE STATE OF COLORADO,
JOHNNY BOHNEN, El Paso County Attorney Office for the
Department of Human Services,
DIANE C. BOLDT, Guardian ad Litem,
ANN ROTOLO, Guardian ad Litem,
PHILLIP BRADLEY SHARP, ESQ.,
BRYAN HUNT, ESQ.,
DETECTIVE KEN LARSON, El Paso County Sheriff Office, and
TINA-MARIE T. HARRISON,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

This matter is before the court on Plaintiffs' Motion for Review of Taxation. On

September 10, 2004, I issued an order of dismissal, thereby dismissing all of Plaintiffs' claims in

this case. (Order of Dismissal [filed Sept. 10, 2004].) The order concluded that "[a]ll

[D]efendants may have their costs by filing a proper bill of costs with the clerk within eleven days of the date of this order." (*Id.* at 8.)  I issued a final judgment on September 15, 2004. (Final J. [filed Sept. 15, 2004].)  The final judgement reiterated Defendants' right to collect costs upon filing a proper bill of costs.  (*Id.* ¶ 2.)  On September 20, 2004, Defendant Phillip Bradley Sharp submitted a bill of costs, including an invoice itemizing the respective costs.  (Bill of Costs [filed Sept. 20, 2004].)  On October 14, 2004, the clerk of the court entered an award of costs in the amount of $107.15.  (Award of Costs [filed Oct. 14, 2004] [hereinafter "Award"].)  The clerk's award attached an itemization of Defendant Sharp's costs.  (*Id.* [Copy of Costs].)

On October 18, 2004, Plaintiffs filed a motion for review of taxation of costs.  (Mot. for Review of Taxation [filed Oct. 18, 2004] [hereinafter "Pls.' Br."].)  Plaintiffs object to the clerk's taxation of costs.  (*Id.* at 1–4.)  Specifically, Plaintiffs argue that the clerk's award of costs was in fact an award of attorneys' fees.  (*Id.* at 2.)  On October 28, 2004, Defendant Sharp filed a response to Plaintiffs' motion for review of taxation.  (Resp. to Pls.' Mot. for Review of Taxation [filed Oct. 28, 2004].)  On November 2, 2004, Plaintiffs filed a reply in support of their motion for review of taxation.  (Pls.' Reply to Def. Sharp's Resp. to Pls.' Mot. for Review of Taxation [filed Nov. 2, 2004] [hereinafter "Pls.' Reply"].)

Rule 54(d)(1) provides that:

> costs other than attorneys' fees shall be allowed as of course to the
> prevailing party unless the court otherwise directs. . . .  Such costs
> may be taxed by the clerk on one day's notice.  On motion served
> within 5 days thereafter, the action of the clerk may be reviewed
> by the court.

Fed. R. Civ. P. 54(d)(1) (2004).  The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing

to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).

Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the

clerk's taxation has the burden of persuading the court that it was improper." 10 Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed.

1998); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).  28 U.S.C. §

1920 sets forth the particular costs that the clerk may tax.  28 U.S.C. § 1920 (2004).  These costs

include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

28 U.S.C. § 1920(4).

　　　　Here, the clerk entered an award of costs in the amount of $107.15.  (Award.)  This

amount only included Defendant Sharp's copy expenses.  (*Id.*)  In fact, Defendant Sharp

requested the clerk to tax costs associated with courier fees, however, the clerk declined to do so.

(Award [Bill of Costs].)  The court properly awarded Defendant Sharp costs in the amount of

$107.15.  This award was reasonable and proper in accordance with 28 U.S.C. § 1920(4).

　　　　 Plaintiffs contend that the "court's awarding of attorney [sic] fees was in error and

inappropriate."  (Pls.' Br. at 2.)  In support, Plaintiff recites a plethora of law relating to awards

of attorneys' fees assessed against *pro se* plaintiffs.  (*Id.* at 2–4.)  This legal recitation is not

necessary and inappropriate.  Plaintiff mischaracterizes the award of costs as an award of

attorneys' fees.  As described above, copy costs are not considered attorneys' fees.  Therefore

the law regarding attorneys' fees assessed against a *pro se* plaintiff is not germane to this case.

　　　　Alternatively, Plaintiff requests, "that the court, as a result of the [P]laintiffs' suspicion,

order that the [D]efendant's counsel provide the [P]laintiffs a detailed explanation of counsel

[sic] asserted cost of $107.15, item by item . . ."  (Pls.' Reply at 3.)  Defendant Sharp provided a

detailed itemization attached to his bill of costs. (Award [Copy of Costs].) Accordingly, it is

not necessary to order Defendant Sharp to produce a second itemization.

Based on the foregoing it is therefore

**ORDERED** that the motion for review of taxation is DENIED.

Dated this _28th_ day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge